## United States Bankruptcy Court
### Southern District of Iowa Central Division

In re **Mark James Kimble**  
Debtor(s)

Case No.  
Chapter **13**

# CHAPTER 13 PLAN

1. <u>Payments to the Trustee</u>: The future earnings or other future income of the Debtor is submitted to the supervision and control of the trustee. The Debtor (or the Debtor's employer) shall pay to the trustee the sum of **$2,460.00** per month for **60** months, plus **$10,000.00** lumpsum payment in month **2**.

    Total of plan payments: **$157,600.00**

2. <u>Plan Length</u>: This plan is estimated to be for **60** months.

3. Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

    a. Secured creditors shall retain their mortgage, lien or security interest in collateral until the earlier of (a) the payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328. Upon payment of the amount allowed by the Court as a secured claim in the Plan, the secured creditors included in the Plan shall be deemed to have their full claims satisfied and shall terminate any mortgage, lien or security interest on the Debtor's property which was in existence at the time of the filing of the Plan, or the Court may order termination of such mortgage, lien or security interest.

    b. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. § 1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor and any Co-Obligor.

    c. All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments.

4. From the payments received under the plan, the trustee shall make disbursements as follows:

    a. Administrative Expenses  
    (1) Trustee's Fee: **10.00**%  
    (2) Attorney's Fee (unpaid portion): **$2,981.00**  
    (3) Filing Fee (unpaid portion): **NONE**

    b. Priority Claims under 11 U.S.C. § 507

    (1) Domestic Support Obligations

       (a) Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

       (b) The name(s) and address(es) of the holder of any domestic support obligation are as follows. See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

          **-NONE-**

       (c) Anticipated Domestic Support Obligation Arrearage Claims. Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

       | Creditor (Name and Address) | Estimated arrearage claim | Projected monthly arrearage payment |
       |---|---|---|
       | **-NONE-** | | |

       (d) Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

          Claimant and proposed treatment:    **-NONE-**

    (2) Other Priority Claims.

| Name | Amount of Claim | Interest Rate (If specified) |
|---|---|---|
| -NONE- | | |

  c.  Secured Claims

    (1) Pre-Confirmation Adequate Protection Payments. Pre-confirmation adequate protection payments to the following Creditors holding allowed claims secured by a purchase money security interest in personal property shall be paid by the Trustee through the plan as provided below. Adequate protection payments shall not accrue or be paid until the Creditor files a proof of claim. The principal amount of the Creditor's claim shall be reduced by the amount of the adequate protection payments remitted.

| Name | Description of Collateral | Pre-Confirmation Monthly Payment |
|---|---|---|
| -NONE- | | |

    (2) Secured Debts Which Will Not Extend Beyond the Length of the Plan

      (a) Secured Claims Subject to Valuation Under § 506. The Debtor moves the Court to value collateral as follows according to 11 U.S.C. § 506(a). Each of the following secured claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the secured value or the amount of the claim, whichever is less, has been paid in full. Any remaining portion of the allowed claim shall be treated as a general unsecured claim. Any claim with a secured value of $0 shall be treated as a general unsecured claim.

| Name/Description of Collateral | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| -NONE- | | | |

      (b) Secured Claims Not Subject to Valuation Under § 506. Each of the following claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the amount of the claim as set forth in the Creditor's proof of claim has been paid in full.

| Name/Description of Collateral | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| -NONE- | | | |

    (3) Secured Debts Which Will Extend Beyond the Length of the Plan

| Name/Description of Collateral | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| -NONE- | | | |

  d.  Unsecured Claims

    (1) Special Nonpriority Unsecured: Debts which are co-signed or are non-dischargeable shall be paid in full (100%).

| Name | Amount of Claim | Interest Rate (If specified) |
|---|---|---|
| -NONE- | | |

    (2) General Nonpriority Unsecured: Other unsecured debts shall be paid pro rata, with no interest if the creditor has no Co-obligors, provided that where the amount or balance of any unsecured claim is less than $10.00 it may be paid in full. The total payout to unsecured creditors at 15% is $80,859.00.

5.  The Debtor proposes to cure defaults to the following creditors by means of monthly payments by the trustee:

| Creditor/Description of Collateral | Amount of Default to be Cured | Interest Rate (If specified) |
|---|---|---|
| **Chase Home Lending**<br>**Legal Description:**<br>**Lot 39 in Longview Green Plat 1, an official plat, now included in and forming a part of the city of Johnston, Polk County, Iowa**<br>**a/k/a**<br>**9204 Longview Drive**<br>**Johnston, IA 50131** | **48,000.00** | **0.00%** |

| Creditor/Description of Collateral | Amount of Default to be Cured | Interest Rate (If specified) |
|---|---|---|
| **Chase Mortgage** **Legal Description:** **Lot 39 in Longview Green Plat 1, an official plat, now included in and forming a part of the city of Johnston, Polk County, Iowa** **a/k/a** **9204 Longview Drive** **Johnston, IA 50131** | **10,000.00** | **0.00%** |

6. The Debtor shall make regular payments directly to the following creditors:

| Name/Description of Collateral | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **Chase Home Lending** **Legal Description:** **Lot 39 in Longview Green Plat 1, an official plat, now included in and forming a part of the city of Johnston, Polk County, Iowa** **a/k/a** **9204 Longview Drive** **Johnston, IA 50131** | **82,581.00** | **1,184.00** | **Contract Rate** |
| **Chase Mortgage** **Legal Description:** **Lot 39 in Longview Green Plat 1, an official plat, now included in and forming a part of the city of Johnston, Polk County, Iowa** **a/k/a** **9204 Longview Drive** **Johnston, IA 50131** | **18,000.00** | **250.00** | **Contract Rate** |

7. The employer on whom the Court will be requested to order payment withheld from earnings is:
   **NONE. Payments to be made directly by debtor without wage deduction.**

8. The following executory contracts of the debtor are:

   **Rejected:**

   | Other Party | Description of Contract or Lease |
   |---|---|
   | **-NONE-** | |

   **Assumed:**

   | Other Party | Description of Contract or Lease |
   |---|---|
   | **US Cellular** | **Cellular Phone Contract** |

9. Property to Be Surrendered to Secured Creditor

   | Name/Description of Collateral | Amount of Claim | Description of Property |
   |---|---|---|
   | **-NONE-** | | |

10. The following liens shall be avoided pursuant to 11 U.S.C. § 522(f), or other applicable sections of the Bankruptcy Code:

    | Name/Description of Collateral | Amount of Claim | Description of Property |
    |---|---|---|
    | **Associated Anesthesiologists, P.C.** **Legal Description:** **Lot 39 in Longview Green Plat 1, an official plat, now included in and forming a part of the city of Johnston, Polk County, Iowa** **a/k/a** **9204 Longview Drive** **Johnston, IA 50131** | **0.00** | **Legal Description:** **Lot 39 in Longview Green Plat 1, an official plat, now included in and forming a part of the city of Johnston, Polk County, Iowa** **a/k/a** **9204 Longview Drive** **Johnston, IA 50131** |

11. Title to the Debtor's property shall revest in debtor **upon completion of payments under the plan.**

12. As used herein, the term "Debtor" shall include both debtors in a joint case.

Case 12-02863-lmj11    Doc 2    Filed 09/10/12    Entered 09/10/12 13:03:50    Desc Main
Document      Page 4 of 6

Software Copyright (c) 1996-2012 CCH INCORPORATED - www.bestcase.com                                                                                          Best Case Bankruptcy

13. Other Provisions:

**Unless the plan provides for 100% repayment to unsecured creditors, the debtors shall, each year during the plan, turn over to the Trustee all federal and state tax refund monies received.**

**To the extent any claim is fully or partially unsecured pursuant to 11 U.S.C.506(a), and is not a claim involving a purchase money security interest subject to the application of the provision following 11 U.S.C.1325(a)(9), that portion of the claim which is unsecured shall be provided for as an unsecured claim. Creditors holding such claims shall retain their liens only to the extent of their allowed secured claims. This provision shall not apply to any claim that is secured only by a security interest in the Debtors' principal residence.**

**Any post-petition claim allowed under 11 U.S.C.1305 shall be paid in full. All claims listed are estimates only. Amounts allowed for secured claims will be that amount listed on a proof of claim, unless disputed, in which case it shall be the amount decided by the court or agreed to by the parties. Amounts paid for administrative and priority claims shall be the amount actually owed. If a claim is listed as secured and the creditor files a proof of claim as an unsecured creditor, the creditor shall be treated as unsecured for purposes of distribution and for any other purpose under the Plan. If a claim is listed as unsecured, a creditor asserting to be a secured creditor must file a timely objection to confirmation of the plan.**

**The trustee shall make payments only to creditors for which a proof of claim and, if applicable, adequate proof of security has been filed. The trustee shall pay court approved attorney fees in full prior to payments to any other creditors. The trustee shall pay secured and priority claims in full prior to payments to unsecured creditors. The trustee shall not be required to make any pre-confirmation adequate protection payments for any allowed secured claim with a secured value of less than $1000.**

**Debtors shall have sole right to use and possession of the property during the pendency of this case, including the right to use, sell or lease such property in the ordinary course of the Debtor's affairs. Upon completion of the Plan, all debts listed in the Debtor's schedules or provided for by the Plan, except those excepted by 11 U.S.C. 1328 (a), shall be discharged.**
**Secured creditors may send statements regarding postpetition payments or charges directly to debtors and shall not be found to have violated the automatic stay by doing so, provided they state they are for information purposes only and not a demand for payment.**

**Payments on the home mortgage will be paid by the Debtors directly to the mortgage creditor/servicer beginning on the first due date under the note/mortgage following the month the petition is filed. Payments received by the mortgage creditor/servicer shall be applied to the account as if it were current and no default existed and, if made timely, shall be applied in the priority stated in the note/mortgage to the months in which the payments are received, whether immediately applied to the loan or placed in a suspense account. The mortgage creditor/servicer shall comply with RESPA and TILA, and shall make, upon notice to Debtors and their counsel, adjustments to the payment to reflect escrow account, ARM and other changes required by the note/mortgage. If a deficiency/surplus of funds held in escrow exists, the mortgage creditor/servicer shall notify the Debtors and their counsel. Any payments made by the trustee to the mortgage creditor/servicer to cure a default shall be applied to the amount necessary to cure the default. Arrears shall be separately itemized on the mortgage creditor/servicer's proof of claim.**

**A mortgage creditor/servicer shall comply with all provisions of Federal Rule of Bankruptcy Procedure 3002.1 with respect to notice of payment changes, post petition fees and charges. Within 30 days of the debtors' completion of the final plan payment, the Trustee shall file and serve the notice of final cure payment described in Federal Rule of Bankruptcy Procedure 3002.1. Unless the Court orders otherwise, an order granting a discharge shall be a determination that all prepetition and postpetition defaults on Debtors' mortgage have been cured, and that the Debtors' mortgage account is deemed current and reinstated on the original payment schedule under the note and security agreement as if no default had ever occurred.**

### SUMMARY AND ANALYSIS OF PLAN PAYMENTS TO BE MADE BY TRUSTEE

Total debt provided under the Plan and administrative expenses:

| | | |
|---|---|---:|
| 1. | Attorney Fees | **2,981.00** |
| 2. | Arrearages | **58,000.00** |
| 3. | Secured Claims | **0.00** |
| 4. | Priority Claims | **0.00** |
| 5. | Separate Class of Unsecured Claims | **0.00** |
| 6. | All other unsecured claims | **80,859.00** |
| | Total payments to above Creditors | 141,840.00 |
| | Trustee fees | 15,760.00 |

| | |
|---|---:|
| Total Debtor payments to the Plan | **157,600.00** |

Reconciliation with Chapter 7:

| | |
|---|---:|
| Interest of unsecured creditors if Chapter 7 filed | |
|     Total property of debtor | **213,500.00** |
|     Property securing debt (excludes avoided liens) | **158,581.00** |
|     Priority unsecured claims (Schedule E) | **0.00** |
|     Exempt property | **36,529.00** |
|     Administrative Costs | **15,365.00** |
|         Available to General Unsecured (Under Chapter 7) | **3,025.00** |
|         Total General Unsecured | **554,367.65** |
| Percent of unsecured, nonpriority claims paid if Chapter 7 filed (est.) | **1%** |
| Percent of unsecured, nonpriority claims paid under Plan | **15%** |

Date  **September 10, 2012**          Signature  **/s/ Mark James Kimble**
                                                 **Mark James Kimble**
                                                 Debtor